No. 03-670

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 163N

STATE OF MONTANA,

        Plaintiff and Respondent,

  v.

RICHARD EDWARD SHREVES,

        Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADC 2000–107
Honorable Dorothy McCarter, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Randi M. Hood, Chief Public Defender, Helena, Montana

        For Respondent:

            Honorable Mike McGrath, Attorney General; Jennifer Anders,
Assistant Attorney General, Helena, Montana

            Leo Gallagher, Lewis and Clark County Attorney; Lisa Leckie,
Deputy County Attorney, Helena, Montana

Submitted on Briefs:  April 27, 2004

Decided:  June 22, 2004

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list published in the Pacific Reporter and Montana Reports.

¶2 A jury convicted Richard Edward Shreves of deliberate homicide. He appeals a restitution condition in the judgment entered against him by the First Judicial District Court, Lewis and Clark County. We affirm.

¶3 The issue is whether the District Court exceeded its statutory authority by imposing a condition that Shreves must pay restitution from his earnings while he is in prison, on parole or on early release. Shreves argues that, under § 46-18-201(5), MCA (1999), restitution may be imposed as a condition only when the court has deferred imposition of sentence.

¶4 Shreves' argument is based on dicta in a nonciteable order and is directly refuted by our recent opinion in *State v. Heath*, 2004 MT 126, 321 Mont. 280, 90 P.3d 426. In *Heath*, we determined that 1999 amendments to § 46-18-201, MCA, do not limit a court's authority to impose restitution to cases in which sentencing has been deferred. We concluded that, under Montana's sentencing statutes, restitution remains a sentencing option whenever the sentencing court considers it "necessary for rehabilitation or for the protection of the victim or society" and there is an appropriate correlation to the offense committed. *Heath*, ¶ 38.

2

¶5 We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. We conclude the issue raised by Shreves is clearly controlled by settled Montana law. Therefore, it is manifest on the face of the briefs and the record that the appeal is without merit.

¶6 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ JIM REGNIER